1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  DOUGLAS BRYANT LANGILL,          )  1:09-cv-01160-BAK-SMS HC
                                    )
12                Petitioner,        )  ORDER DISMISSING PETITION FOR WRIT
                                    )  OF HABEAS CORPUS FOR LACK OF
13     v.                            )  JURISDICTION
                                    )
14                                   )  ORDER DIRECTING CLERK OF COURT TO
    GOVERNOR SCHWARZENEGGER,         )  SEND PETITION FORM FOR FILING CIVIL
15                                   )  RIGHTS COMPLAINT PURSUANT TO 42
                Respondent.          )  U.S.C. § 1983
16  _____  )

17
18

        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19
20  pursuant to 28 U.S.C. § 2254.  On July 6, 2009, Petitioner filed his petition for writ of habeas

    corpus in this Court.  (Doc. 1).  On July 15, 2009, Petitioner filed his written consent to the

21
    jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

22
        In his petition and attached exhibits, Petitioner, who was at the time serving an eight-year

23
24  prison sentence for a 2003 conviction in San Bernardino County, California, anticipated that he

    would be released on parole in August 2009.  (Doc. 1).  Indeed, on August 26, 2009, Petitioner

25
26  filed with the Court a change of address indicating that his new address was in San Bernardino,

    California.  (Doc. 5).  Petitioner contends in his petition that California's Proposition 83, passed

27
    in 2006, imposes additional restrictions upon him, including a sex offender registration

28

1

1  requirement and, especially, the use of a GPS tracking device, and that such additional

2  restrictions violate the terms of his original plea agreement.

3  **DISCUSSION**

4  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

5  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

6  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

7  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

8  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

9  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

10  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

11  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

12  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

13  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

14  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

15  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

16  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

17  In this case, Petitioner complains that Respondent violated the terms of his 2003 plea

18  agreement by imposing restrictions, including the additional parole requirements of GPS

19  monitoring and sex offender registration, that became law in California in 2006.  Petitioner does

20  not challenge either the underlying conviction or his original sentence.  Because the additional

21  restrictions appear to involve conditions of Petitioner's constructive confinement on parole,

22  rather than the fact or duration of such constructive confinement, Petitioner is not entitled to

23  habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his

24  claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

25  **ORDER**

26  Accordingly, the Court HEREBY ORDERS:

27  1.  That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the

28  petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2

2.  That the Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:     October 5, 2009**                                 _____/s/ Sandra M. Snyder_____
UNITED STATES MAGISTRATE JUDGE